IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRIAN A. CLARKE,**

      **Petitioner,**

                                      **Criminal Action No.: 1:13-cr-2**
**v.**                                             **Civil Action No.: 1:15-cv-33**
                                       **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      **Respondent.**

**REPORT AND RECOMMENDATION/OPINION**

**I. INTRODUCTION**

On March 4, 2015, Brian Clarke ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (Civil Action No. 1:15-cv-33, ECF No. 2; Criminal Action No. 1:13-cr-2, ECF No. 46).[1] That same day, the Clerk of the Court mailed Petitioner a Notice of Deficient Pleading, which informed him he had twenty-one (21) days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (ECF No. 49). Petitioner filed his correct form "(Court-Approved Motion")" on March 23, 2015. (ECF No. 51).

The undersigned now issues this Report and Recommendation on Petitioner's Motion without holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss Petitioner's Motion under 28 U.S.C. §2255.

---

[1] From this point forward, unless otherwise noted, all ECF numbers refer to filings in Criminal Action No. 1:13-cr-2.

1

## II. FACTS

*A.  Conviction and Sentence*

On January 8, 2013, a grand jury sitting in the Northern District of West Virginia returned an indictment against Petitioner. (ECF No. 1). Petitioner was charged with three (3) separate counts of distribution of oxycodone hydrochloride. (Id.). On April 2, 2013 a grand jury sitting in the Northern District of West Virginia returned a superseding indictment against Petitioner. (ECF No. 20). In the superseding indictment Petitioner was charged with one count of conspiracy to possess with intent to distribute and to distribute oxycodone; three counts (3) of distribution of oxycodone; and one count (1) of possession with intent to distribute oxycodone. (Id.).

On May 2, 2013, Petitioner signed a plea agreement in which he proposed to plea guilty to Count Three of the indictment which charged him with distribution of oxycodone hydrochloride. (ECF No. 28). Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, paragraph 11 of Petitioner's plea agreement contained the following language concerning his waiver:

> Mr. Clarke is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence with a base offense level of 34 or lower under the U.S.S.G. (or the manner in which that sentence was determined) on the grounds set forth un Title 18, United States Code, Section 3742, in exchange for the concessions made by the United States in this plea agreement. **The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.**

(Id. at 3 (emphasis added)).

On May 7, 2013, Petitioner appeared before United States District Judge Irene Keeley ("Judge Keeley") to enter a plea of guilty to count three (3) of the superseding indictment. (ECF No. 29). Further, Petitioner stated he understood all of the consequences of pleading guilty. (Id. at 4). Also, Petitioner stated that his attorney had adequately represented him in this matter and that neither he nor his attorney had found an adequate defense to the charge contained in count three. (Id. at 5). Based on Petitioner's statements and the testimony of Sergeant John Rogers of the West Virginia State Police, the court found that Petitioner's plea of guilty to count three of the superseding indictment was freely and voluntarily given, Petitioner was aware of the consequences of his plea, and a factual basis existed for the tendered plea. (Id.). Therefore, the court accepted Petitioner's plea of guilty of the crime charged in count three of the superseding indictment. (Id.).

On August 16, 2013, Petitioner was sentenced to seventy-eight (78) months of imprisonment and three (3) years of supervised release for his plea of guilty to count three of the indictment. (ECF No. 38). On February 2, 2015, Petitioner filed a Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c). (ECF No. 43). On February 3, 2015, Judge Keeley granted Petitioner's Motion for Reduced Sentence and reduced Petitioner's sentence to sixty-three (63) months of imprisonment and three (3) years of supervised release. (ECF No. 44).

B.   *Direct Appeal*

Petitioner did not file an appeal.

C.   *Federal Habeas Corpus*

In his Court-Approved Motion, Petitioner raises the following claims of ineffective assistance of counsel:

1. Counsel failed to inform him of the Government's refusal to grant him a two-point reduction for acceptance of responsibility.

2. Counsel did not attempt to make any strategic inclinations into finding anything that could be construed as a possible defense or any factual or legal investigations that could be developed as matters of defense.

(ECF No. 51 at 4-6).

### D.    *Recommendation*

Based upon review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner's Motion is untimely.

### III. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

I. The date on which the judgment of conviction becomes final;

II. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

III. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

IV. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Although AEDPA does not define when a judgment of conviction becomes final, the Fourth Circuit has determined that a conviction is final on the date upon which Petitioner fails to

pursue further direct appellate review. See Id. at 142 (citing United States v. Torres, 211 F.3d 836, 838 (4th Cir. 2000)). Petitioner's judgment order was entered on August 16, 2013. (ECF. No. 38). Petitioner declined to pursue an appeal, therefore his conviction became "final" for the purposes of § 2255(f)(1) on August 30, 2013, fourteen days after the judgment of conviction. See Clay v. United States, 537 U.S. 522 (2003). Therefore, his conviction became final on August 30, 2013, and he had one year, or until August 30, 2014, to file a timely § 2255 Motion. However, he did not file his Motion until March 4, 2015, more than seven (7) months after the one year statute of limitations.

"When a federal habeas court, prior to trial, perceives a *pro se* § 2255 petition to be untimely and the Government has not filed a motion to dismiss based on the one-year limitations period, the court must warn the prisoner that the case is subject to dismissal pursuant to § 2244(d) absent a sufficient explanation that it is timely based on equitable tolling principles or any of the circumstances enumerated in § 2255(f)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); *U.S. v. Sosa*, 364 F.3d 507 (4th Cir. 2004). Accordingly, Petitioner is hereby notified that his section 2255 action will be dismissed as untimely, unless he can demonstrate within the objection period described below, that his petition can be salvaged by § 2255(f)(3) or the principle of equitable tolling.

## IV. RECOMMENDATION

Based upon review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 1:15cv33, ECF No. 2; Criminal Action No. 1:13-cr-2, ECF No. 46) be **DENIED** and **DISMISSED** because Petitioner's motion is untimely.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objections are made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to the *pro se* Petitioner, Brian Clarke, by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: 7-28-2015

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE